**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CASE NUMBER:**

| | |
|---|---|
| Dairyland Insurance Company,<br><br>          Plaintiff,<br>v.<br><br><br>Latavia Riley-Jones, Cruz Landscaping &<br>Lawn Care, LLC, and Leonardo Filipe Morales<br>Cruz,<br><br>          Defendants. | 3:21-426-TLW<br><br>**COMPLAINT**<br>**(Declaratory Judgment)** |

Plaintiff, Dairyland Insurance Company, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

## JURISDICTION AND VENUE

1. The Plaintiff, Dairyland Insurance Company (hereinafter "Dairyland") is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin. Dairyland is authorized to transact business in the state of South Carolina including writing policies of insurance.

2. Upon information and belief, Defendant Latavia Riley-Jones is a citizen and resident of Lexington County, South Carolina.

3. Defendant Cruz Landscaping & Lawn Care, LLC ("hereinafter Cruz Landscaping") is a limited liability company licensed and registered to do business in the State of South Carolina and operating a landscaping, hardscaping, and pool installation business.

4. Upon information and belief, Defendant Leonardo Filipe Morales Cruz is an undocumented immigrant. Upon information and believe, Defendant Cruz was residing in South Carolina at all relevant times.

1

5. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

6. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

7. Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(1).

**FACTUAL ALLEGATIONS**

8. Dairyland issued a policy of automobile insurance to Donna Cruz, policy number 404624122, with effective dates of December 17, 2018 to June 17, 2019 (hereinafter the "Policy"). The Policy lists a 2017 GMC Sierra 2500 HD Denali, a 2018 GMC Acadia, and a 2008 Toyota Highlander as insured vehicles. The Policy declarations lists Donna Cruz and Reynaldo Cruz as "drivers."

9. For each insured vehicle, the Policy provides bodily injury liability coverage with limits of $25,000 per person and $50,000 per accident and property damage liability coverage with limits of $25,000 per accident.

10. The Policy provides coverage to persons qualifying as an "insured" for certain risks under the insuring agreement and excludes certain risks through policy exclusions. Dairyland craves reference to the Policy for all terms, conditions, and provisions therein and incorporates them by reference herein. A certified copy of the Policy is attached hereto as Exhibit "A."

11. The Policy and its endorsements provide in pertinent part:

**DEFINITIONS USED THROUGHOUT THIS POLICY.**

\*\*\*

(3) "**Relative**" means a person living in **your** household. This person must be related to **you** by blood, marriage or adoption. **Relative** includes a ward, foster child or a minor under **your** guardianship who lives in **your** household. **Your** unmarried dependent children living temporarily away from home qualify as a **relative** only if they intend to continue to live in **your** household. Any **relative** who is of legal driving age or older must be listed on the application or endorsed on the policy. This must occur prior to a **car accident** or **loss**.

\*\*\*

(8) "**Your insured car**" means all of the following.

  (A) Any **car** described on **your** Declarations Page, for which a premium charge is shown.

  (B) Any **car** that permanently replaces a **car** shown on **your** Declarations Page during the policy period. With respect to coverage under Parts I, II and III of this policy, the replacement **car** will be afforded the same coverage as the **car** it replaces. Coverage will apply as of the date **you** acquire the **car**, but only if **you** ask **us** to insure it within fourteen (14) days of its acquisition. Coverage under Part IV and other optional coverages will apply to the replacement **car** as of the date **you** acquire the **car** only if **you** expressly ask for it within three (3) days of its acquisition. **We** must also agree to provide the coverage before it will apply. In all other cases, any coverage **you** request will apply no earlier than the date and time **you** contact **us** to request it and **we** agree.

  (C) Any additional **car you** acquire ownership of during the policy period that does not permanently replace a **car** described on **your** Declarations Page, but only if **we** insure all other **cars you** own. With respect to coverage under Parts I, II and III of this policy, the additional **car** will be afforded the same coverage as any other **car** described on **your** Declarations Page. Coverage will apply as of the date **you** acquire the **car**, but only if **you** ask us within fourteen (14) days of its acquisition. Coverage under Part IV and other optional coverages will apply to the additional **car** as of the date **you** acquire the **car** only if **you** expressly ask for it within three (3) days of its acquisition. **We** must also agree to provide the coverage before it will apply. In all other cases, any coverage **you** request will apply no earlier than the date and time **you** contact **us** to request it and **we** agree.

  (D) Any **car** not owned by **you** while being used temporarily by **you** or a **relative**. The use must be with the owner's permission. The **car** must be a substitute for a vehicle described on **your** Declarations Page which is withdrawn from

3

> normal use due to breakdown, repair, servicing, **loss** or destruction. This provision applies only to coverages provided in Parts I, II and III of this policy.

A **car** leased to a person under a written agreement for a constant period of at least six (6) months shall be deemed to be owned by that person.

\*\*\*

## PART I – LIABILITY COVERAGE.

This coverage applies only if a premium is shown for it on **your** Declarations Page.

**We** will pay damages for which any **insured person** is legally liable because of **bodily injury** and/or **property damage** caused by a **car accident**. The **car accident** must have arisen out of the ownership, upkeep or use of a **car**. **We** will settle any claim or defend any lawsuit which is payable under the policy as **we** deem appropriate.

**We** have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**Our** duty to settle or defend ends when **our** limit of liability for this coverage has been tendered or paid.

**Additional Definitions Used in This Part Only.**

As used in this Part, these definitions apply.

(1) "**Insured person**" or "**insured persons**" means all of the following.

    (A)    **You.**

    (B)    A **relative.**

    (C)    Any person using **your insured car**.

No one is considered an **insured person** if they use a **car** without the permission or outside the scope of the permission of the owner.

\*\*\*

**Exclusions.**

Coverage and **our** duty to defend does not apply to any of the following.

\*\*\*

(5) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle, including **your insured car**, when used for any business purpose. This exclusion does not apply to:

   (i)   Use of **your insured car** by **you** or a **relative** for farming or ranching.

   (ii)  The use of **your insured car** by **you** for **auto business** operations.

   (iii) Business use that has been disclosed to and accepted by **us**.

   (iv)  Business use that is infrequent and not otherwise excluded under this policy.

***

(9) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle other than **your insured car**. This exclusion applies only if the vehicle is owned by, or furnished or available for the regular use by **you** or a **relative**.

***

12. On August 23, 2019, Defendant Latavia Riley-Jones filed a lawsuit in the Lexington County Court of Common Pleas. On February 26, 2020, Riley-Jones filed an amended complaint in the lawsuit, now captioned <u>Latavia Riley-Jones v. Enterprise Leasing Company – Southeast, LLC d/b/a Enterprise Truck Rental, Cruz Landscaping & Lawn Care, LLC, and Leonardo Filipe Morales Cruz a/k/a Leo Cruz</u>, civil action no. 2019-CP-32-03432 (hereinafter the "Underlying Action").

13. The Amended Complaint in the Underlying Action alleges that, on or about May 14, 2019, Cruz Landscaping entered a one-month lease of a white Ford pickup truck owned by Enterprise for Leonardo Cruz to use for Cruz Landscaping business.

14. The Amended Complaint also alleges that on May 24, 2019, Cruz was operating the rental truck in the course and scope of his employment with Cruz Landscaping when he struck a vehicle operated by Riley-Jones.

15. The Amended Complaint also alleges that Cruz was arrested, charged with Driving Without a License, convicted, fined, and deported.

16. The Amended Complaint in the Underlying Action alleges that Riley-Jones sustained bodily injury in the alleged accident.

17. Upon information and belief, Donna Cruz is married to Reynaldo Cruz.

18. Upon information and belief, Leonardo Cruz is Reynaldo Cruz's cousin and resided with Donna and Reynaldo Cruz at the time of the alleged accident.

19. Upon information and belief, Donna and Reynaldo Cruz own Cruz Landscaping.

20. Upon information and belief, Defendants have or will make claims under the Policy arising out of the alleged accident.

## FOR A FIRST DECLARATION

21. Dairyland reiterates its allegations above as if set forth fully verbatim below.

22. The Policy affords liability coverage for any person using "**your insured car**."

23. The Policy defines "**your insured car**" as a car listed on the Declarations Page, a replacement car, an additional car, or a car used as a temporary replacement while an insured car is withdrawn from normal use due to breakdown, repair, servicing, loss, or destruction.

24. The white Ford pickup truck Leonardo Cruz drove at the time of the alleged accident was not listed on the Policy's Declarations Page.

25. Donna Cruz did not acquire the white Ford pickup truck as a replacement car for a vehicle listed on the Policy's Declarations Page.

26. Donna Cruz did not acquire the white Ford pickup truck as an additional car.

27.     Donna Cruz did not use the white Ford pickup truck as a temporary replacement while her insured cars were withdrawn from normal use due to breakdown, repair, servicing, loss, or destruction.

28.     The Amended Complaint alleges that Cruz Landscaping entered a one-month lease of a white Ford pickup truck owned by Enterprise for Leonardo Cruz to use for Cruz Landscaping business.

29.     Because Cruz was not operating a vehicle listed on the Policy's Declarations Page, a replacement car, an additional car, or a temporary replacement car, the white Ford pickup is not "**your insured car**."

30.     Thus, Dairyland is entitled to a declaration that the white Ford pickup truck is not "**your insured car**" and the Policy does not provide coverage for the claims asserted against Cruz Landscaping and Leonardo Cruz in the Underlying Action which arose out of the alleged accident.

**FOR A SECOND DECLARATION**

31.     Dairyland reiterates its allegations above as if set forth fully verbatim below.

32.     The Policy excludes from liability coverage bodily injury and property damage that arise out of the ownership, upkeep, or use of any vehicle when used for any business purpose.

33.     The Amended Complaint alleges that on May 24, 2019, Leonardo Cruz was operating the rental truck in the course and scope of his employment with Cruz Landscaping when he struck a vehicle operated by Riley-Jones.

34.     Thus, Dairyland is entitled to a declaration that the Policy does not provide coverage for the claims asserted against Cruz Landscaping and Leonardo Cruz in the Underlying Action which arose out of the alleged accident.

**FOR A THIRD DECLARATION**

35. Dairyland reiterates its allegations above as if set forth fully verbatim below.

36. The Policy excludes from liability coverage bodily injury and property damage that arise out of the ownership, upkeep, or use of any vehicle other than "**your insured car**" when furnished or available for the regular use of "**you**" or a "**relative**."

37. Upon information and belief, Leonardo Cruz is Reynaldo Cruz's cousin.

38. Upon information and belief, Reynaldo Cruz is Donna Cruz's husband.

39. Upon information and belief, Leonardo Cruz resided with Donna and Reynaldo Cruz at the time of the alleged accident.

40. The Policy defines "**relative**" as "a person living in **your** household. This person must be related to **you** by blood, marriage or adoption."

41. Upon information and belief Leonardo Cruz is Donna Cruz's resident cousin by marriage.

42. Therefore, Leonardo Cruz is a "**relative**" under the Policy.

43. The white Ford pickup truck does not qualify as "**your insured car**" under the Policy.

44. The Amended Complaint alleges that Cruz Landscaping entered a one-month lease of a white Ford pickup truck owned by Enterprise for Leonardo Cruz to use for Cruz Landscaping business.

45. Therefore, the white Ford pickup truck was furnished and available for Leonardo Cruz's regular use.

46. Thus, Dairyland is entitled to a declaration that the Policy does not provide coverage for the claims asserted against Cruz Landscaping and Leonardo Cruz in the Underlying Action which arose out of the alleged accident and that Dairyland does not have a duty to defend

or indemnify Cruz Landscaping or Leonardo Cruz for the claims alleged against them in the Underlying Action.

**WHEREFORE**, Dairyland prays that the Court inquire into these matters and declare that the Policy does not afford coverage for the claims asserted against Leonardo Cruz and Cruz Landscaping and that Dairyland does not owe a duty to defend or a duty to indemnify Leonardo Cruz and Cruz Landscaping for the above-described incident and injuries and for such other relief as the court may deem just and proper.

        MURPHY & GRANTLAND, P.A.

        s/Sarah E. Caiello
        J.R. Murphy, Esquire (Fed. I.D. No. 3119)
        Sarah E. Caiello, Esquire (Fed. I.D. No. 13091)
        P.O. Box 6648
        Columbia, South Carolina 29260
        (803) 782-4100
        Attorneys for the Plaintiff

Columbia, South Carolina
February 10, 2021